IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      No. CR 24-0089 JB

TYLER CHINANA,

    Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report, filed August 22, 2025 (Doc. 78)("Objections"). The sentencing is set for September 9, 2025. The primary issue is whether the Court should overrule Defendant Tyler Chinana's Objections regarding the United States Probation Office's Presentence Investigation Report, filed June, 17 2025 (Doc. 70)("PSR"). Chinana objects to: (i) the statement in PSR ¶ 12, at 4, suggesting that he traveled to unauthorized locations while on conditions of release; (ii) the application of the U.S.S.G. § 4B1.5(b) sentencing enhancement, and the contention that Chinana sexually abused Jane Doe 2 a total of five separate times on separate dates; (iii) the information provided in PSR ¶ 50, at 8; in <u>id.</u> ¶ 55, at 8; in <u>id.</u> ¶ 83, at 16; in <u>id.</u> ¶ 84, at 16; in <u>id.</u> ¶ 86, at 17; and in <u>id.</u> ¶ 116, at 21, regarding the use of a juvenile adjudication for sentencing enhancement; (iv) the criminal history point assessed to the conviction in PSR ¶ 57, at 10; (v) the criminal history point assessed to each of the convictions in PSR ¶ 60, at 11; in <u>id.</u> ¶ 61, at 11; and in <u>id.</u> ¶ 62, at 12; and (vi) the JSIN calculation in PSR ¶ 119, at 23. The Court concludes that: (i) the statement in PSR ¶ 12, at 4, accurately reflects Chinana's violations detailed in the incident report; (ii) the U.S.S.G. § 4B1.5(b) sentencing enhancement was properly applied, and the record should reflect that Chinana's sexual abuse of Jane Doe 2 occurred in a single evening; (iii) the court may use the

information in PSR ¶ 50, at 8; in id. ¶ 55, at 8; in id. ¶ 83, at 16; in id. ¶ 84, at 16; in id. ¶ 86, at 17; and in id. ¶ 116, at 21, for sentencing enhancement; (iv) the criminal history point that the United States Parole Office assesses to the conviction in PSR ¶ 57, at 10, is proper; (v) the criminal history points that the USPO assesses in PSR ¶ 60, at 11; in id. ¶ 61, at 11; and in id. ¶ 62, at 12, are proper; and (vi) Chinana is correct that the JSIN[1] data should reflect an average imprisonment length of 172 months. The Court thus sustains in part and overrules in part Chinana's Objections. The applicable offense level is 28, the applicable criminal history category is III, and the United States Sentencing Guidelines establish an imprisonment range of 97 to 121 months.

In Chinana's first Objection, he argues that he was not traveling to unauthorized locations despite the statement in PSR ¶ 12, at 4, suggesting he was traveling to those locations.[2] PSR ¶ 12, at 4, states in part:

> All was going well until January 25, 2025, when La Pasada[3] staff conducted a routine search of the content of his cellphone and found a photo of a nude female, as well as evidence of Cash App transactions between him and a former La Pasada employee. Moreover, there were multiple recent Uber receipts, suggesting he was traveling to unauthorized locations.

PSR ¶ 12, at 4. Chinana argues that the Uber receipts are a result of him paying for his sister's travel to those locations rather than for his own travel; thus, he did not travel to unauthorized locations. See Objections at 1. The statement in PSR ¶ 12, at 4, does not state that he traveled to unauthorized locations. Rather, it states that the La Pasada Halfway House administrators came to the conclusion that the receipts "suggest" travel to unauthorized locations. Importantly, PSR

---

[1] The Judiciary Sentencing Information ("JSIN") platform is an online sentencing data resource that provides online access to sentencing data for similarly situated defendants.

[2] This objection has no affect on the Guidelines calculation.

[3] La Pasada Halfway House is the holding facility Chinana was assigned to under Pretrial Services supervision.

¶ 12, at 4, provides several other justifications, such as the nude photographs on Chinana's cellphone, for his conditions of release being revoked. Accordingly, the Court overrules Chinana's first Objection.

In Chinana's second Objection, he argues that several instances of his alleged prior sexual misconduct cannot be used for U.S.S.G. § 4B1.5(b) sentencing enhancement. See Objections at 3-8. He contends that the statements of Jane Doe 1's mother in PSR ¶ 15, at 4; in id. ¶ 20, at 5; in id. ¶ 25, at 6; and in id. ¶ 26, at 6, regarding Chinana sexually abusing Jane Doe 1 in 2009 and in 2011 cannot be used, because Jane Doe 1 denies any incident other than the 2017 incident.[4] See Objections at 2. Chinana does not address, however, that the offense for which the Court is about to sentence Chinana alone satisfies the U.S.S.G. § 4B1.5(b) sentencing enhancement. U.S.S.G. § 4B1.5(b) "provides for a five-level increase in the offense level if (1) 'the defendant's instant offense of conviction is a covered sex crime' and (2) 'the defendant engaged in a pattern of activity involving prohibited sexual conduct.'" United States v. Cifuentes-Lopez, 40 F.4th 1215, 1218 (10th Cir. 2022)(quoting § 4B1.5(b)). A defendant engages in a pattern of activity involving sexual

---

[4] Although Chinana denies the allegations in PSR ¶ 15, at 4; in id. ¶ 20, at 5; in id. ¶ 25, at 6; and in id. ¶ 26, at 6, the Court concludes that the United States of America has shown, by a preponderance of the evidence, that the allegations are true. See United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008)(finding the court must determine whether the United States has met its burden of proving disputed facts by a preponderance of the evidence). Despite Jane Doe 1 stating in the FBI interview that the 2017 incident is an isolated incident, her mother's statements to the FBI about Chinana sexually abusing Jane Doe 1 in 2009 and 2011 are enough for the United States to meet its burden. See PSR ¶ 12, at 4. This statement is hearsay, but "a district court may rely on hearsay statements at sentencing without violating a defendant's due process rights, so long as the statements bear 'some minimal indicia of reliability.'" United States v. Pulham, 735 F. App'x 937, 951 (10th Cir. 2018)(quoting United States v. Cook, 550 F.3d 1292, 1296 (10th Cir. 2008)). "Corroborating evidence is often key to determining whether a statement is sufficiently reliable." United States v. Ruby, 706 F.3d 1221, 1229 (10th Cir. 2013). In this case, the corroborating evidence is Chinana's admissions that he sexually has abused several of his younger relatives in a similar manner as Jane Doe 1's mother alleges. See Tyler Chinana's FBI Interview (Doc. 36-2); Tyler Chinana's FBI Interview (Doc. 81-6). As a result, the Court may use this prior conduct for the U.S.S.G. § 4B1.5(b) sentencing enhancement.

conduct "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5 cmt.4. Those two occasions may occur during the course of the offense for which the Court is sentencing the defendant. See U.S.S.G. § 4B1.5 cmt.4. Here, Chinana pleads guilty to engaging in abusive sexual contact with Jane Doe 1 and Jane Doe 2 on separate occasions. See PSR ¶ 2, at 3. The offenses for which the Court is sentencing Chinana today alone are enough to satisfy the U.S.S.G. § 4B1.5(b) sentencing enhancement. Accordingly, the Court overrules Chinana's second Objection.[5]

In Chinana's third Objection, he argues that the information in PSR ¶ 50, at 8; in id. ¶ 55, at 8; in id. ¶ 83, at 16; in id. ¶ 84, at 16; in id. ¶ 86, at 17; and in id. ¶ 116, at 21, may not be used for the U.S.S.G. § 4B1.5(b) sentencing enhancement, because they either are juvenile adjudications, or do not constitute criminal or sex offense convictions.[6] See Objections at 2. Under the U.S.S.G. § 4B1.5(b) sentencing enhancement any prohibited sexual conduct may be considered "without regard to whether the occasion . . . resulted in a conviction of the conduct that

---

[5] In addition to his Objections regarding Jane Doe 1's mother's statements, Chinana also contends that the record should reflect that the five incidents of sexual abuse Jane Doe 2's mother describes all happened in a single evening. The United States concedes this objection, stating:

"To the extent Defendant objects to the suggestion that Jane Doe 2 disclosed abuse taking place on different days, the United States does not oppose that objection. The United States agrees that Jane Doe 2 indicated that the abuse occurred approximately five separate times over the course of one evening."

Response at 2-3. Because there is no dispute as to this Objection, the Court sustains the Objection.

[6] Chinana also argues that the PSR improperly considers his prior sexual misconduct as "relevant conduct," and, therefore incorrectly applies the repeat and dangerous sex offender enhancement pursuant to § 4B1.5(b). See Objections at 3-5. This argument erroneously relies on the definition for "relevant conduct" in U.S.S.G. §1B1.3 which is inapplicable to U.S.S.G. § 4B1.5(b). Accordingly, the Court overrules this portion of Chinana's third objection.

occurred on that occasion." U.S.S.G. § 4B1.5 cmt.4.  Accordingly, the Court overrules Chinana's third Objection.

In Chinana's fourth Objection, he argues that the criminal history point the USPO assesses to the conviction in PSR ¶ 57, at 10, is improper, because the State court imposed the sentence more than ten years before the commencement of the offense for which the Court is sentencing Chinana.  See Objection at 10.  This argument incorrectly identifies the commencement of the offense for which the Court is sentencing Chinana as the date the Grand Jury returned the federal indictment.  See Indictment, filed January 23, 2024 (Doc. 1); United States v. Valdez, 77 F. Supp.3d 1115, 1136 (D.N.M. Dec. 15, 2014)(Browning, J.)(concluding that the commencement date is the date that the defendant first engaged in the criminal conduct).  In the Indictment, the Grand Jury charges Chinana with abusive sexual conduct of Jane Doe 1 between on or about January 1, 2012, and on or about December 31, 2012, and abusive sexual contact of Jane Doe 2 between on or about November 4, 2022, and on or about December 6, 2022.  See Indictment at 1-2.  The charge means that both offenses commenced within ten years of the sentence imposed in PSR ¶ 57, at 10 -- Chinana's DWI conviction on February 8, 2013.  PSR ¶ 57, at 10.  Accordingly, the Court overrules Chinana's fourth Objection.

In Chinana's fifth Objection, he argues that the criminal history points that the USPO assesses in PSR ¶ 60, at 11; in id. ¶ 61, at 11; and in id. ¶ 62, at 12, overrepresent the seriousness of the Chinana's criminal history and suggests a downward departure under U.S.S.G. § 4A1.3(b)(1).  See Objections at 11.  As Chinana concedes in his Objections, he is ineligible for any downward departure under U.S.S.G. § 4A1.3(b)(1), because the U.S.S.G. § 4B1.5(b)(1) enhancement applies.  See Objections at 11.  Indeed, the Guidelines prohibit a downward departure under U.S.S.G. § 4A1.3(b)(1) for a repeat and dangerous sex offender against minors within the

meaning of U.S.S.G. § 4B1.5(b) -- a qualification Chinana satisfies. U.S.G.G. § 4B1.3(b)(2)(B). Accordingly, the Court overrules Chinana's fifth Objection.

In Chinana's sixth Objection, he argues that the JSIN calculation incorrectly identifies the average length of imprisonment for similar offenders as 174 months.  See Objections at 12. Chinana asserts that the correct average length of imprisonment is 172 months.  See Objections at 12.  The United States does not oppose this objection.  See Response at 10.  Accordingly, the Court sustains Chinana's sixth Objection.

**IT IS ORDERED** that (i) the Defendant's first objection in the Defendant's Objections to Presentencing Report, filed August 22, 2025 (Doc. 78)("Objections"), regarding the statement in the Presentence Investigation Report ¶ 12, at 4, filed June 17, 2025 (Doc. 70)("PSR"), suggesting that he traveled to unauthorized locations while on conditions of release is overruled; (ii) the second Objection in the Objections regarding the improper application of the U.S.S.G. § 4B1.5(b) sentencing enhancement is overruled, while the record will reflect that the sexual abuse of Jane Doe 2 happened over the course of one evening; (iii) the third Objection in the Objections regarding the use of a juvenile adjudication for sentencing enhancement is overruled; (iv) the fourth Objection in the Objections regarding the criminal history point the USPO assesses to the conviction in PSR ¶ 57, at 10, is overruled; (v) the fifth Objection in the Objections regarding the criminal history point that the USPO assesses to each of the convictions in PSR ¶ 60, at 11; in id. ¶ 61, at 11; and in id. ¶ 62, at 12, is overruled; (vi) the sixth Objection in the Objections regarding the JSIN calculation in PSR ¶ 119, at 23, is sustained; (vii) the applicable offense level is 28; (viii) the applicable criminal history category is III; and (ix) the Guidelines imprisonment range is 97 months to 121 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Ellison
  United States Attorney
Meg Tomlinson
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Nicholas E. Mendoza
Nicholas Mendoza Attorney at Law
Tijeras, New Mexico

      *Attorneys for the Defendant*